T.C. Summary Opinion 2001-166

UNITED STATES TAX COURT


JOHN ARTHUR & PATRICIA MULHOLLAND BEECROFT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3075-00S.                    Filed October 16, 2001.


John Arthur and Patricia Mulholland Beecroft, pro sese.

<u>Andrew J. Wyman</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes of $7,073, $9,985, and $10,193 for the taxable years 1995, 1996, and 1997.

The issues for decision are: (1) Whether petitioners are entitled to disallowed deductions for charitable contributions; and (2) whether petitioners are entitled to disallowed deductions for business expenses.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in San Jose, California, on the date the petition was filed in this case.

Petitioner husband (petitioner) was employed by Steven Engineering, Inc., beginning around 1990 and throughout the years in issue. Petitioner's employment with Steven Engineering involved the sale of electronics and related products. He earned wages of $61,879 in 1995 and $63,293 in 1997. Petitioner wife was employed by the County of Santa Clara, earning wages of $8,286 in 1995 and $25,610 in 1997. Their individual wages in 1996 are not in the record, but petitioners reported combined taxable wages of $89,546 in that year. Petitioners filed a joint Federal income tax return for each of the years in issue.

---

[1]Adjustments to petitioners' medical expense deductions and miscellaneous itemized deductions are computational and will be resolved by our holding on the issues in this case.

The first issue for decision is whether petitioners are entitled to disallowed deductions for charitable contributions. Petitioners claimed charitable contribution deductions of $9,850, $14,400, and $15,300 in 1995, 1996, and 1997, respectively. Respondent allowed a deduction of only $250 in each of 1995 and 1996, and $450 in 1997, because petitioners failed to establish that any more than these amounts met the requirements of section 170. Respondent allowed petitioners the standard deduction in 1995 and 1996 because their remaining itemized deductions were less than the standard deduction in each year.

Section 170(a) allows a deduction for charitable contributions made during the taxable year to certain listed types of organizations, if the deductions are verified under regulations prescribed by the Secretary. Sec. 170(a)(1). A deduction for charitable contributions generally is not allowed in the absence of written records. Sec. 1.170A-13, Income Tax Regs; see also sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Specific requirements, which vary according to the type and amount of the contributions, do not need to be set out in detail here.

Petitioners provided no reliable written records to substantiate the charitable contributions, and we do not find credible petitioner's testimony that he donated these large sums in cash to a single organization, Alcoholics Anonymous. In the

absence of any substantiation, we sustain respondent in his disallowance of the bulk of these deductions.

The second issue for decision is whether petitioners are entitled to disallowed deductions for business expenses. Petitioners filed a Schedule C, Profit or Loss From Business, in each year in issue, claiming that petitioner was engaged in a sales business. The following were reported on these schedules:

|  | 1995 | 1996 | 1997 |
|---|---|---|---|
| Gross receipts or sales | $918 | $550 | $500 |
| Car and truck expenses | (15,862) | (15,314) | (16,506) |
| Office expense | (950) | -0- | -0- |
| Travel | -0- | (2,800) | (3,200) |
| Meals and entertainment | (5,100) | (2,900) | (3,350) |
| Other (telephone) | (3,500) | (2,300) | (2,400) |
| Net loss | (24,494) | (22,764) | (24,956) |

No cost of goods sold was reported in any year for this sales business. In the notice of deficiency, respondent disallowed the expenses to the extent they exceed the gross receipts. The disallowance was made on several grounds: Petitioners had not established that the sales activity was a trade or business which was entered into for profit within the meaning of section 183 and which had economic substance other than the avoidance of taxes. Petitioners also had not (a) established that the expenses were incurred in such a trade or business for the stated purposes, (b) established that the expenses were other than nondeductible personal expenses, and (c) substantiated the amounts of the expenses and met the recordkeeping requirements of section 274.

Expenses which are ordinary and necessary to carrying on a trade or business generally are allowed as a deduction in the year in which they are paid. Sec. 162(a).

Petitioner testified that he was engaged in a business activity named John Beecroft Sales. His testimony concerning this alleged activity can be summarized as follows. The business, started in 1990, involved sales of electronic parts, primarily computer-related. He incurred various expenses in traveling throughout California to deliver parts to customers. In total, he spent approximately 10 to 15 percent of his time on this business. The bulk of the work took place on weekends. The business has incurred losses in each year since its inception in 1990.

We find that petitioner was not engaged in the trade or business of selling electronics outside his primary employment as a salesman at Steven Engineering. We need not address whether the activity was engaged in for profit under section 183 (or the other issues raised in the notice of deficiency) because we find that petitioner was not engaged in the sales activity.

The primary evidence in the record concerning such an activity is petitioner's own testimony. We do not find his testimony to be credible, and we therefore do not accept it. The only corroborating evidence is in the form of "mileage logs" and an assortment of receipts. The mileage logs (actually pages of a

personal planner) are for the most part filled with brief notations and numbers which give no indication of their business nature, and to the extent that they show some business activity they could just as easily be from petitioner's primary employment as from any outside business. The receipts are for an assortment of expenses, primarily travel and meals, which show no indication that they were incurred for any business purpose. No records were provided showing purchases of product or inventory by petitioner, and no sales receipts were provided showing that any actual sales had been made to customers. In short, there is nothing in the record which provides us with a basis for finding that petitioner was engaged in a sales business.

Petitioner testified that he subsidized his main employment income with the sales business income in order to help support himself and his family. However, during the 7 years petitioner's business allegedly existed before and during the years in issue, he claims to have incurred substantial losses in each year, and in the years in issue to have had gross receipts of only $918, $550, and $500. We do not believe that petitioner would have for years invested so much time and effort in an activity which yielded such poor results, and which provided his family with negligible income even before expenses.

Petitioner argues that an IRS employee informed him in a prior audit that his current method of maintaining records was

adequate. Respondent is not bound by advice given to a taxpayer which is incorrect as a matter of law. <u>Dixon v. United States</u>, 381 U.S. 68 (1965); <u>Auto. Club v. Commissioner</u>, 353 U.S. 180 (1957).

Finally, we turn to several statements made by petitioners in the petition which have not been addressed. First, petitioners state that they were "never allowed an audit" for 1996 and 1997, and that these years were "thrown together" with 1995. Petitioners also state that respondent failed to enter into a settlement with them concerning the years in issue. These facts, even if true, are not relevant to our decision. Our role is to decide the correct amounts of the deficiencies put in issue by the statutory notice of deficiency, sec. 6213(a), and respondent's actions prior to its issuance generally do not affect what is by law the correct amounts of the deficiencies, see <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327-328 (1974). Second, petitioners state that they were unaware of certain laws governing the substantiation of deductions for charitable contributions, and that "you keep changing the laws." This Court does not make the law, we merely apply it as it is written. <u>Metzger Trust v. Commissioner</u>, 76 T.C. 42, 59-60 (1981), affd. 693 F.2d 459 (5th Cir. 1982).

We sustain respondent's determination that the amounts claimed by petitioners as business expense deductions were not expenses incurred in a trade or business.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.